UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:19 CR 215 (JCH) |
| | : | |
| v. | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | |
| | : | |
| KEVIN E. CREED | : | |
| | : | |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

1.      At all times relevant to this Information, the defendant KEVIN E. CREED resided in the state of Connecticut, was a licensed attorney, licensed and practicing in the State of Connecticut, who practiced law out of the Creed Law Firm, LLC ("Creed Law Firm").

2.      Fisher House Foundation, Inc. was, and continues to be, a not-for-profit charitable organization, organized under the laws of the State of Delaware, with the mission of supporting members of the United States military, veterans, and their families, by building and operating a series of houses, located in the vicinity of United States military hospitals and Veterans Affairs ("VA") medical facilities.  The goal of each of these facilities or houses, referred to as Fisher Houses, is to provide a place at which members of the United States military, veterans, and their families and loved ones can stay free of any cost to them, while members of the military or veterans are undergoing medical treatment or rehabilitation.

3.      The Fisher House program consists of approximately 78 Fisher Houses located

throughout the United States and near United States military bases overseas, and has to date served approximately 335,000 military families, and has provided the families with an estimated $407 million in housing and other services.

4.      In or about 2010, Defendant CREED established Friends of Fisher House Connecticut Inc., ("Friends of Fisher House") as a Connecticut not-for-profit corporation, and operated Friends of Fisher House out of his law firm, the Creed Law Firm, LLC, purportedly as a charitable organization.

5.      In or about 2010, in connection with the establishment of Friends of Fisher House, Defendant Creed represented to the Fisher House Foundation, Inc., that he would solicit donations for the construction of a Fisher House to be located in West Haven, Connecticut and represented that he would solicit donations to assist further the operations of the Fisher House in West Haven, Connecticut.   Creed also represented to the Fisher House Foundation, Inc., and would-be donors that he would use the funds that he raised from donations to make grants to the Fisher House Foundation, Inc. and to assist with the construction of additional Fisher Houses.

<u>Scheme to Defraud</u>

6.      Beginning in approximately 2012 and continuing until in or about December 2018, Defendant CREED knowingly, willfully, and with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals and sounds, including among other wire communications, wire transfers and email communications.

<u>The Purpose of the Scheme to Defraud</u>

7.      The purpose of the scheme to defraud was for CREED to enrich himself by defrauding individuals, entities, and Friends of Fisher House out of money and property by means of materially false and fraudulent pretenses, representations, and promises.

<u>The Manner and Means of the Scheme to Defraud</u>

The manner and means by which CREED sought to accomplish and did accomplish the scheme to defraud included, among others, the following:

8.      It was part of the scheme to defraud that CREED, after setting up Friends of Fisher House, would and did continue to solicit donations from individual donors and from corporate donors on behalf of Friends of Fisher House by representing to the donors that funds donated would be used exclusively to support the mission of Fisher House. In truth and in fact, as Creed well knew, he diverted and was diverting a significant portion of the donated funds for his own personal use and benefit.

9.      It was further part of the scheme to defraud that CREED would and did falsely and fraudulently represent the composition of what was represented to be a purportedly distinguished board of directors, by signing and filing with the Internal Revenue Service (IRS) Forms 990 (Returns of Organization Exempt From Income Tax) that contained material false and fraudulent information therein, including listing the names of individuals as the board of directors, when in truth and in fact no such board, as he had represented, actually existed.

10.     It was further part of the scheme to defraud that CREED would and did make materially false and fraudulent representations to the IRS on Forms 990, by fraudulently listing two grants purportedly made to the Fisher House Foundation, Inc., for amounts of $159,746 in

2016 and $169,656 in 2017 respectively, on the Forms 990, when in truth and in fact no such grants had been made.

11.    It was further part of the scheme to defraud that CREED would and did induce individuals and entities to provide funds to him by falsely and fraudulently representing on both the website of the Creed law firm and on the website of Fisher House Connecticut, that funds donated would be used for the benefit of Fisher House, when in truth and in fact he would and did use a significant portion of the donated funds for his own personal purposes, and to cover expenses of Creed Law Firm.

12.    It was further part of the scheme to defraud that, after receiving donations into the Friends of Fisher House Connecticut bank account, which donations were intended to benefit the mission of Fisher House and Fisher House Connecticut, CREED would and did transfer a significant portion of the funds to his personal accounts and to his law firm account, and thereafter use the funds for his own personal benefit, including, to cover home mortgage payments, for credit card payments, to pay for restaurants, for pet care, and to fund his ATM withdrawals.

13.    It was further part of the scheme to defraud that CREED would and did fail to inform the Fisher House Foundation Inc. or the individuals and entities that were making donations to Friends of Fisher House, that he had used and was using a significant portion of the donations received to pay his personal expenses and he continued to falsely represent that donations would be used to fund Friends of Fisher House and to fund the mission of the Fisher House Foundation, Inc.

14.    It was further part of the scheme that during the course of the scheme, CREED induced individuals and entities to donate over $2.4 million based on materially false and

4

fraudulent pretenses representations and promises, and did take for his own personal use and benefit approximately $1.4 million of the funds that had been donated for the benefit of Friends of Fisher House and the mission of the Fisher House Foundation, Inc.

<u>The Execution of the Scheme and Artifice to Defraud</u>

15.     On or about September 29, 2017, in the District of Connecticut and elsewhere, having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises and for the purpose of executing the scheme and artifice, defendant CREED did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals and sounds, namely, CREED used and caused to be used the interstate wires by depositing a check of $92,229 from Shoprite into the Friends of Fisher House account at Webster Bank account ending in x-4166, which was cleared through the interstate banking system.

All in violation of Title 18, United States Code, Section 1343.


UNITED STATES OF AMERICA

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY


_____
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY


5